Upper Leacock Township Supervisors *v.* Zoning Hearing Board of Upper Leacock Township and Bettie Lou Succa. Bettie Lou Succa, Appellant.

452

Argued June 10, 1976, before President Judge Bowman and Judges Crumlish, Jr. and Blatt, sitting as a panel of three.

*Louis J. Farina*, with him *May, Grove, Stork & Blakinger*, for appellant.

*John L. Sampson*, with him *Hassel, Yost & Sorrentino*, for appellee.

Opinion by Judge Crumlish, Jr., September 30, 1976:

Bettie Lou Succa (Appellant) has appealed an order of the Court of Common Pleas which reversed

the order of the Zoning Hearing Board of Upper Leacock Township (Board) and denied her application for a variance.

In February, 1970, Appellant leased certain premises containing a barn which she renovated and used as a gift shop. In May, 1970, Upper Leacock Township (Township) enacted a zoning ordinance which classified Appellant's leased premises as residential (R-2). The ordinance also provided for a minimum lot width of 75 feet in the district. In June, 1971, Appellant entered into an agreement with the owner of the land on which the barn was located whereby the owner was to sell to Appellant the portion of the land containing the gift shop.

The agreement provided that Appellant's lot would be sixty (60) feet wide. The owner subsequently sold the entire tract, including the portion which was the subject of Appellant's agreement of sale, to the local fire company subject to Appellant's outstanding agreement of sale.

Appellant applied to the Board for a variance from the 75-foot minimum lot width requirement in order that she could subdivide her portion of land from the larger portion sold to the fire company. On June 30, 1975, the Board granted the variance. The written decision of the Board was issued July 25, 1975. Township appealed on August 19, 1975. Appellant moved to quash the appeal as being untimely filed. The court below denied the motion to quash and reversed the Board's decision.

Appellant urges several grounds for reversal.

First, Appellant contends that the time from which Township's appeal period began was June 30, 1975, the last day of the hearing and the day on which the Board announced its vote. Therefore, Appellant contends that Township's appeal on August 19, 1975, was untimely. We disagree.

Section 908(9) of the Pennsylvania Municipalities Planning Code[1] (MPC) provides that the Board must render a *written* decision within 45 days after the last hearing. Section 908(10) of the MPC, 53 P.S. §10908(10), provides that a copy of the final decision must be delivered to the appellant or mailed to him not later than the day following its date.

Section 1006(3) of the MPC, 53 P.S. §11006(3), provides that appeals from the Board must be taken within 30 days after notice of the Board's decision is issued. We have held that the term "issued" in this section means "sent out." *Zimmer v. Susquehanna County Planning Commission,* 14 Pa. Commonwealth Ct. 435, 322 A.2d 420 (1974). Therefore, the appeal period did not begin to run until July 25, 1975, and Township's appeal on August 19, 1975, was timely.

Next, we dismiss summarily Appellant's contention that Township engaged in an ex-parte meeting with the Board prior to its written decision in violation of Section 908 (8) of the MPC, 53 P.S. §10908(8). There is no evidence in the record to support her contention that Township communicated with the Board as to any issue involved in this case. Furthermore, the Board's written decision after the alleged improper meeting was the same as its oral decision prior thereto.

Appellant next urges that her agreement for purchase of the lot after the enactment of the zoning ordinance did not come within the ambit of Section 912(3) of the MPC, 53 P.S. §10912(3), which prohibits the grant of a variance where the hardship is self-imposed by the appellant. Appellant claims the owner was unwilling to sell the land necessary for Appellant's tract to meet the minimum lot size. This contention is without merit.

---

[1] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10908.

455

It is well settled that a variance will not be granted when the applicant knew or should have known of the zoning restrictions applicable to the property at the time he purchased it. *Camaron Apartments, Inc. v. Zoning Board of Adjustment of the City of Philadelphia,* 14 Pa. Commonwealth Ct. 571, 324 A.2d 805 (1974). To sustain Appellant's contention would be tantamount to holding that zoning ordinances need be complied with only when it is possible to purchase property which complies. Since it is undisputed that Appellant purchased the property after the enactment of the zoning ordinance, she is not entitled to a variance from the minimum lot width requirement.

Accordingly, we

### ORDER

AND Now, this 30th day of September, 1976, the order of the Court of Common Pleas of Lancaster County is affirmed and the appeal is dismissed.

Judge KRAMER did not participate in the decision in this case.