393 A.2d 5

UPPER LEACOCK TOWNSHIP SUPERVISORS

v.

ZONING HEARING BOARD OF UPPER LEACOCK
TOWNSHIP and Bettie Lou Succa.

**Appeal of Bettie Lou SUCCA.**

Supreme Court of Pennsylvania.

Argued April 13, 1978.

Decided Oct. 5, 1978.

Blakinger, Grove & Chillas, Louis J. Farina, Lancaster, for appellant.

Hassel, Yost & Sorrentino, John L. Sampson, Lancaster, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and LARSEN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This appeal arises from an order of the Commonwealth Court, affirming the order of the Court of Common Pleas of Lancaster County, which denied appellant, Bettie Lou Succa, a zoning variance. This court granted appellant's petition for allowance of appeal.

The facts surrounding this case are as follows. Prior to 1970, Rebekah S. Sheaffer was the owner of a .942 acre lot in Upper Leacock Township, Lancaster County. The lot contained a house and a barn. In February, 1970, Sheaffer leased the barn to appellant for use as a gift shop. Appellant spent approximately $10,000 on repairs and renovations of the barn and began operating a gift shop. In May, 1970, after the renovations had been completed, the township enacted a zoning ordinance that zoned the area residential, thus making the gift shop a nonconforming use, and establishing a *minimum* lot width of 75 feet. On June 18, 1971, Sheaffer agreed to sell the barn and that part of the .942 acre lot to appellant. She agreed to sell an area 60 feet

wide. Sheaffer then sold the *entire* .942 acre lot, subject to the sales agreement with appellant, to the Bareville Volunteer Fire Company, which owned an adjoining tract. Appellant applied to the Upper Leacock Township Zoning Board for a variance from the lot width requirement. The board granted the variance over the objection of the fire company. The township board of supervisors, appellee herein, brought an action in the Court of Common Pleas of Lancaster County against the zoning board, challenging the grant of the variance. Appellant was permitted to intervene. The court set aside the variance *without* taking additional evidence. Appellant appealed to Commonwealth Court, which affirmed the Court of Common Pleas. 26 Pa.Cmwlth.Ct. 451, 363 A.2d 1330 (1976). We granted allowance of an appeal to determine whether it was proper to set aside the variance.

The Zoning Board acted under the authority of the Municipalities Planning Code, Act of July 31, 1968, P.L. 805, art. IX, § 912, 53 P.S. § 10912, which provides as follows:

"The board shall hear requests for variances where it is alleged that the provisions of the zoning ordinance inflict unnecessary hardship upon the applicant. . . . The board may grant a variance provided the following findings are made where relevant in a given case:

"(1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property, and that the unnecessary hardship is due to such conditions, and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located;

"(2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property;

"(3) That such unnecessary hardship has not been created by the appellant;

"(4) That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare; and

"(5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.   .   .   ."

The Court of Common Pleas heard the case without taking additional evidence. Therefore, the proper scope of review for that court and other reviewing courts is limited to determining whether the zoning board committed an abuse of discretion. *Pyzdrowski v. Pgh. Board of Adj.*, 437 Pa. 481, 263 A.2d 426 (1970). Applying this standard, we find no abuse by the board.

The board made findings of fact that meet the requirements of the statute, and the evidence supports the findings. Narrowness being one type of unique physical circumstance on which the granting of a variance may be based, the board's finding is justified by appellant's inability to acquire a wider lot. Strict conformity with the ordinance would mean a lot 75 feet wide. Appellant cannot strictly conform to the ordinance if she cannot acquire a lot that wide. It was within the board's discretion to find that appellant's hardship was not self-inflicted in view of the fact that she could not acquire a wider lot and the fact that she developed the property before the ordinance was enacted. The essential character of the neighborhood will not be altered because appellant seeks to continue a pre-existing use rather than develop a new one. The variance is of the smallest degree possible because appellant has the widest lot she is able to acquire.

Because of her nonrecoverable expenditure, appellant will suffer serious financial loss if she cannot obtain a

variance. We have said that economic or financial hardship alone is insufficient for the granting of a variance, but this rule only applies when there is an issue as to whether one type of development will be more profitable than another. *Appeal of Gro*, 440 Pa. 552, 269 A.2d 876 (1970). That question is not involved here. Appellant desires to continue the use she has been making of the property rather than to develop it in a new way. The size of the tract available to appellant may be a basis for relief. See *Jaekal v. Doylestown Township Zoning Board of Adjustment*, 13 Bucks Co.L.Rep. 190 (1963). This is especially so in view of the fact that she is unable to acquire more land. See *Appeal of Humble Oil & Refining Co.*, 34 Leh.L.J. 249 (1971).

It cannot fairly be said that appellant's hardship was self-inflicted. The zoning ordinance was not in effect at the time she developed the property. There is no indication that she knew or had reason to know that her prospective purchase would be barred by any zoning regulation. This case is distinguishable from others where we found hardship to have been self-inflicted. Appellant did not cause the width of her lot to be reduced below that required by the ordinance. Cf. *Volpe Appeal*, 384 Pa. 374, 121 A.2d 97 (1956). She did not fail to apprise herself of zoning regulations in effect at the time she developed the property, Cf. *Upper St. Clair Twp. Grange Zoning Case*, 397 Pa. 67, 152 A.2d 768 (1959), nor did she develop it in reliance on the ability to get a variance, Cf. *Richman v. Zoning Bd. of Adj.*, 391 Pa. 254, 137 A.2d 280 (1958).

Appellant's hardship is caused by a unique characteristic of the property, i. e. its narrowness, and her inability to increase the width. The variance would not alter the character of the neighborhood because its purpose is to allow the continuation of a pre-existing use rather than the development of a new one. The board acted within its discretion in granting appellant a variance.

The order of the Commonwealth Court is reversed and the order of the zoning board granting the variance is reinstated.

NIX, J., concurs in the result.

EAGEN, C. J., and POMEROY, J., dissent.

MANDERINO, J., took no part in the consideration or decision of this case.