Russell Border, Appellant *v.* Zoning Hearing Board of the City of Easton, Appellee.

Submitted on briefs April 4, 1983, to Judges BLATT, MACPHAIL and DOYLE, sitting as a panel of three.

*Philip D. Lauer, P.C.,* for appellant.

*Roseann B. Joseph,* for appellees.

Opinion by Judge Blatt, June 8, 1983:

Russell Border (appellant) appeals an order of the Court of Common Pleas of Northampton County which quashed his appeal from a decision of the Zoning Hearing Board of the City of Easton (Board) as untimely filed.

The facts are not in dispute. The appellant applied for a variance to use a building as an animal grooming establishment. The Board held a hearing and sent notice to the appellant on November 17, 1981 informing him of its decision to deny his application and giving him the reasons for that denial. On December 17, 1981, the Board issued findings of fact, discussion, and conclusions of law and the appellant received this document the same day. He filed an appeal in the court of common pleas on January 15, 1982 which the Board moved to quash on January 27, 1982 on the ground that it had not been filed within 30 days.[1] The court granted the Board's motion, and the instant appeal followed.

---

[1] Section 5571(b) of the Judicial Code, 42 Pa. C. S. §5571(b).

The sole issue presented for our review in this matter is: does the period during which a landowner may appeal to the court of common pleas commence at the date on which he is served notice of the Board's decision or the date when he is served with the Board's formal decision and order which contains findings of fact, discussion, and conclusions of law?

Appeals by landowners from zoning hearing board decisions which do not contest the validity of an ordinance are governed by Section 1006(3)(b) of the Pennsylvania Municipalities Planning Code (MPC).[2] This Section, prior to its being amended by Section 2(a) of the Act of April 28, 1978, P.L. 202 (1978 Amendment),[3] provided that appeals from zoning hearing board decisions to the courts of common pleas "may be taken by any party aggrieved by appeal filed within thirty days *after notice* of the decision is issued. (Emphasis added.) Now, however, Section 1006 (3)(b) reads: "Appeals to court from any decision of the zoning hearing board may be taken by any party aggrieved." Consequently, the appeal period in such zoning cases is left to Section 5571(b) of the Judicial Code (Code), 42 Pa. C. S. §5571(b), which directs that "an appeal from a . . . government unit to a court . . . must be commenced within 30 days *after the entry* of the order from which the appeal is taken." Section 5572 of the Code, 42 Pa. C. S. §5572, which, in explaining when an order is entered, states that "[t]he date of service of an order of a government unit, which shall be the date of mailing if service is by mail, shall be deemed to be the date of *entry* of the order for the purposes of this subchapter. . . ." (Emphasis added.) We must determine, therefore, when the Board's order was "entered."

---

[2] Act of June 1, 1972, P.L.     , *as amended,* 53 P.S. §11006.
[3] 53 P.S. §11006.

Our review of the sparse case law subsequent to the 1978 Amendment of Section 1006 yields no controlling precedent. We held, however, in *Upper Leacock Township Supervisors v. Zoning Hearing Board,* 26 Pa. Commonwealth Ct. 451, 363 A.2d 1330 (1976) *rev'd on other grounds,* 481 Pa. 479, 393 A.2d 5 (1978), that, where a zoning hearing board granted a variance on June 30, 1975 but did not issue its written decision until July 25, 1975, an appeal filed on August 19, 1975 was timely because the appeal period commenced when the written decision was mailed. It has been suggested that "the result [in Upper Leacock] is the same under 42 Pa. C. S. §5572." R. Ryan, Pennsylvania Zoning Law and Practice, §9.5.4 at 139 (1981). Accordingly, the Board's order here was "entered"[4] when its findings of fact, discussion, and conclusions of law—in other words, its formal decision and order —were served upon the appellant by mail on December 17, 1981. His appeal period, therefore, commenced as of that date and the court of common pleas erred in quashing the appeal filed on January 15, 1982. To hold otherwise, we believe, would serve in effect to re-enact Section 1006(3)(b) as it existed before the 1978 Amendment, and would force us to ignore the legislature's intent that Sections 5571(b) and 5572 of the Judicial Code should therefore apply. In short, we do not equate a notice of decision with the entry of an order.

We will, therefore, vacate the order of the court of common pleas quashing the appellant's appeal and

---

[4] The term "entered" is not defined in the Code. Webster's Third New International Dictionary 756 (1966) defines the term in a manner which could arguably support either side's argument; some relevant definitions therein are as follows: "7a: to become a part of . . . 9a; to place in regular form before a law court . . . put upon record in proper form and order . . . 11a; to put on record. . . ."

remand this matter for further proceedings consistent with this opinion.

ORDER

AND Now, this 8th day of June, 1983, the order of the Court of Common Pleas of Northampton County in the above-captioned matter is hereby vacated and this case is remanded to said court for further proceedings. Jurisdiction relinquished.