638 A.2d 383

**BISHOP NURSING HOME, INC., Appellant,**

v.

**ZONING HEARING BOARD OF MIDDLETOWN TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued Oct. 8, 1993.

Decided Feb. 14, 1994.

120

Vincent B. Mancini, for appellant.

Denis M. Dunn, for appellee.

Before DOYLE and SMITH, JJ., and KELTON, Senior Judge.

SMITH, Judge.

The Bishop Nursing Home, Inc. (Bishop), appeals from an order of the Court of Common Pleas of Delaware County affirming a decision of the Zoning Hearing Board of Middletown Township (Board) which denied its application for variance and substantive challenge to the validity of Middletown Township's (Township) "R–1" residential zoning district as applied to Bishop's property located at 176 South New Middletown Road (Route 352), Middletown Township, Delaware County. The issues presented to this Court are whether the

trial court erred by dismissing Bishop's motion to strike the Board's findings of fact and conclusions of law when the findings were filed after Bishop appealed from the Board's decision; whether the trial court erred in affirming the Board's denial of its spot-zoning challenge; whether the trial court erred by affirming the Board's denial of Bishop's application for variances.

The property in question consists of approximately 1.9 acres and is zoned R–1 residential. A single-family residence had been located on the property but was demolished after it was damaged by fire in January 1988. Bishop proposed construction of a 20,000 square foot office building on the property, which is a permitted use in a "B" general business district, and applied for variances. The Board held hearings at which the Township was the only party to oppose the application and substantive challenge. The Board notified Bishop that its application was denied on May 23, 1990 and Bishop filed its appeal with the trial court on June 22, 1990. On July 2, 1990, Bishop received the signed copy of the Board's final decision which contained its findings of fact and conclusions of law.

The Board found that the property is bound on its southern side by a railroad right-of-way which is sixty feet wide and approximately forty feet below the elevation of the property; and there are Philadelphia Electric Company high-tension wires and poles approximately seventy to eighty feet high, which are located along the railroad right-of-way. The districts on the other side of the railroad tracks are zoned "B–1" neighborhood shopping district which contains a small shopping area and a gasoline station, and "B" general business district which contains an inactive gasoline station. The areas on the far side of the business districts are zoned residential. The property abutting the north and west of Bishop's property is owned by The Williamson Trade School and is zoned "I–2" institutional district. This property consists of open fields, young woods, and several single-family homes built by the trade school for its faculty. To the east and on the opposite side of Route 352 is also zoned I–2 and consists of property

owned by the Elwyn Institute and also property used to store trucks, cars and construction equipment.

The Board also found that prior to the September 1986 revisions to the Township's zoning ordinance, Bishop's property and the property to the north and east were zoned "R–2" residential. The Board concluded that the rezoning was not done arbitrarily, capriciously or unreasonably and does not constitute invalid and unconstitutional spot zoning of the property; and Bishop did not sustain its burden of proof to entitle it to the requested variances. The trial court affirmed the Board's decision.

On appeal to this Court, Bishop argues that the trial court erred in dismissing its motion to strike the Board's findings of fact because the findings did not accompany the Board's notice of its decision and were filed after Bishop appealed to the trial court. Bishop further argues that the trial court erred by affirming the Board's denial of its substantive challenge to the Township's zoning ordinance and zoning map on the basis of spot zoning because its property is a residential island surrounded by business and institutional zoning and uses. In addition, Bishop argues that the trial court erred by affirming the Board's denial of its application for variances as the Board's findings and conclusions are not based upon substantial evidence in the record.[1]

When a zoning board denies an application, its decision must be accompanied by findings of fact, conclusions, and reasons. Section 908(9) of the Pennsylvania Municipalities Planning Code (Code), Act of July 31, 1968, P.L. 805, *as reenacted and amended,* 53 P.S. § 10908(9). Further, if the

---

1. Where the trial court received no additional evidence on a zoning appeal, this Court's scope of review is limited to a determination of whether the Board abused its discretion or committed an error of law. *In re Hoover,* 147 Pa.Commonwealth Ct. 475, 608 A.2d 607 (1992). The Board abuses its discretion when its findings are not supported by substantial evidence. *Randolph Vine Assoc. v. Zoning Board of Adjustment of Philadelphia,* 132 Pa.Commonwealth Ct. 452, 573 A.2d 255 (1990), *appeal denied,* 527 Pa. 589, 588 A.2d 512 (1991). Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Kassouf v. Zoning Hearing Board of Scott Township,* 112 Pa.Commonwealth Ct. 182, 535 A.2d 261 (1987).

record in a land use appeal does not include findings of fact, the court shall make its own findings based on the record and any additional evidence presented by the parties. Section 11005–A of the Code, 53 P.S. § 11005–A. In *Snyder v. York City Zoning Hearing Board,* 115 Pa.Commonwealth Ct. 68, 539 A.2d 915 (1988), this Court noted that it does not condone the late filing of findings of fact, but did not remand the matter for new findings because careful scrutiny of the record indicated that the landowners suffered no prejudice due to the late filing.

▆▆▆▆ In the matter sub judice, the Board's findings were clearly part of the record before the trial court and it would have been absurd for the court to remand the matter to the Board for lack of findings of fact and conclusions of law. Further, the trial court did not err by refusing to make its own findings since Section 11005–A of the Code authorizes it to make findings only when a board's findings are not in the record. Moreover, careful review of the record demonstrates that Bishop was not prejudiced by any "late filing" of the Board's decision as it had already appealed to the trial court and was permitted to supplement its land use appeal in order to specifically challenge the Board's findings before the trial court.[2]

▆▆▆▆ As to Bishop's spot zoning issue, one who challenges the constitutionality of a zoning ordinance has a heavy burden and must show that the provisions of the ordinance are clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare. *Glorioso Appeal,* 413 Pa. 194, 196 A.2d 668 (1964). If the validity of the ordinance is fairly debatable, the legislative judgment must be allowed to control; however, legislative judgment is not fairly debatable when the legislative body ignores reality. *Id.*

2. Bishop would not have been prejudiced had it waited for the final decision of the Board before it filed its appeal as a notice of a decision is not equivalent to the entry of an order, and therefore the appeal period does not begin to run until the Board mails its written decision. *Border v. Zoning Hearing Board of Easton,* 74 Pa.Commonwealth Ct. 638, 460 A.2d 918 (1983).

Spot zoning is "[a] singling out of one lot or a small area for different treatment from that accorded to similar surrounding land indistinguishable from it in character, for the economic benefit of the owner of that lot or to his economic detriment." *Mulac Appeal,* 418 Pa. 207, 210, 210 A.2d 275, 277 (1965). The topography, location, and characteristics of the land may be considered in determining whether an area has been spot zoned, and each case must be decided on its own facts. *O'Malia v. Council of Wilkes–Barre,* 38 Pa.Commonwealth Ct. 121, 392 A.2d 885 (1978). Thus, spot zoning occurs when the facts of a case reveal that the zoning scheme is arbitrary and unreasonable, with no relation to the public health, safety, morals and general welfare and has no relation to the municipality's comprehensive plan. *Schubach v. Silver,* 461 Pa. 366, 336 A.2d 328 (1975). The most important factor in an analysis of a spot zoning question is whether the land is being treated unjustifiably different from similar surrounding land, *Schubach; see also Guentter v. Borough of Lansdale,* 21 Pa.Commonwealth Ct. 287, 345 A.2d 306 (1975); thereby "creating an 'island' having no relevant differences from its neighbors." *Mulac,* 418 Pa. at 210, 210 A.2d at 277.

Before the 1986 rezoning, Bishop's property was not surrounded by other zoning districts but only bordered business districts to its south and southeast and the business or commercial use on the property directly across Route 352. However, after the 1986 rezoning, Bishop's property became a small island of residential property among business and institutional districts and uses. Furthermore, the Township did not articulate why it considers Bishop's property different than the property in the business districts on the opposite side of the railroad right-of-way or how rezoning Bishop's property would adversely effect the public health, safety, morals and general welfare.

To the contrary, Bishop was the only party to present evidence in this respect and Joel DeFreytas, a registered civil engineer, testified that he prepared topographical and outbound surveys which showed that from an engineering standpoint, the office building would not alter the essential charac-

ter of the neighborhood, substantially or permanently impair the appropriate use or development of adjacent property, or be detrimental to the public health, safety and welfare. In addition, Kevin Johnson, a traffic engineer, stated that he performed a traffic study at the intersection where the property is located and determined that Route 352 is a major arterial road with volume of over 18,000 vehicles per day. He opined that the proposed office building would not significantly increase or impact traffic conditions at the intersection and would not be detrimental to the public health, safety and welfare.

With respect to the relationship between a comprehensive plan and Bishop's property, the Board found that if Bishop is permitted to build the proposed office building, it would be the first incursion of a business or commercial use along Route 352 north of the railroad right-of-way and south of a "clover-leaf" at Route 1. However, this finding is not supported by substantial evidence as the zoning map and the testimony of Dennis Slostad, a registered architect and land use planner, establish that directly across Route 352 from Bishop's property is a business or commercial use directly north of the railroad right-of-way. In addition, John McKeon, the Township's witness and zoning enforcement officer, testified that the railroad, high-tension wires, and shopping center were permitted to be built after the original single-family dwelling on Bishop's property had been built. Thus, the nature of the properties immediately surrounding Bishop's property have changed over the years while Bishop's property has remained residential.

The Board reasoned that Bishop's property has not been spot zoned because if it was rezoned institutional in 1986, Bishop would still need variances as office buildings are not permitted uses in an institutional district while single-family dwellings are permitted. This reasoning is flawed because Bishop was not seeking to have his property classified institutional and the Township has not articulated any reason why Bishop's property has been treated differently from the abutting properties which are located directly across the railroad

right-of-way and zoned business districts. Furthermore, the recognition of one of several permitted uses in an institutional district is not equivalent to that district being zoned residential. Therefore, the Board can not point to several residences in an institutional district and conclude that because residences exist in the district, there is no difference between that institutional district and neighboring residential districts. The facts in this case establish that the Board's decision requiring Bishop's property to remain residential while all the surrounding properties have been granted different classifications is arbitrary and unreasonable, and constitutes spot zoning.[3] Accordingly, the order of the trial court is reversed.

## ORDER

AND NOW, this 14th day of February, 1994, the order of the Court of Common Pleas of Delaware County is reversed.

---

**3.** Since the ruling on Bishop's spot zoning challenge is dispositive of the case, this Court need not address Bishop's argument that the Board erred by denying its application for variances.