**Michael S. TIERNEY, Appellant,**

v.

**UPPER MAKEFIELD TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued Oct. 7, 1994.

Decided Feb. 3, 1995.

---

William F. Schroeder, for appellant.

Stephen B. Harris, for appellee.

Before COLINS, President Judge, and DOYLE, J., and DELLA PORTA, Senior Judge.

---

COLINS, President Judge.

■ Michael Tierney (Tierney) appeals a Bucks County Court of Common Pleas order that quashed as untimely his appeal from a subdivision plan revision by the Upper Makefield Township (Township) Board of Supervisors (Supervisors).

The following facts are undisputed.[1] Tierney owned a parcel of land consisting of approximately one hundred and six acres in the Township. In 1986, he agreed to sell forty acres of the parcel to the Russell Group (Russell). Pursuant to the sale agreement, Russell applied to the Township Supervisors for subdivision approval of its forty-acre parcel to create sixteen lots known as Colt's Neck Farm. The sale agreement also provided that Tierney's remaining land would be divided into lots seventeen and eighteen—two parcels encompassing existing dwelling units—and lot nineteen—a forty-eight-acre parcel. By letter dated March 22, 1988 the Supervisors notified Tierney that they had granted final subdivision approval for Colt's Neck Farm and for Tierney's three lots, subject to the condition that all lots be deed restricted against further subdivision. Tierney and Russell executed a deed on April 1, 1988.

On May 17, 1988, Tierney and Russell entered into a second agreement of sale, for the purchase of Tierney's three-acre lot seventeen. Russell then applied to the Township Supervisors for a revision to the final plan of Colt's Neck Farm. The revision added lot seventeen to Colt's Neck Farm, rearranged several lot boundaries within it and moved the location of a road servicing the subdivision closer to Tierney's entrance lane. This revision did not change the overall number of lots. On May 19, 1988, the Supervisors sent notice of their approval to Russell, but not to Tierney. On June 22, 1988, Tierney and Russell executed a new deed for forty-three acres, replacing the earlier deed. The deed was recorded. The final subdivision plan was recorded on July 19, 1988. Russell sent a letter to Tierney requesting he sign a Unilateral Declaration of Restrictions and Covenants (Declaration), which referred to the subdivision plan "last revised May 16, 1988." Tierney signed the Declaration and it was recorded on August 31, 1988.

In February 1989, Tierney saw bulldozers cutting out a road in a location other than the location indicated on the original subdivision plan. Pursuant to Tierney's request, Russell supplied Tierney with a copy of the subdivision plan on March 16, 1989. Tierney subsequently requested a copy of the letter approving the revision to the final plan, which the Township forwarded to him on May 22, 1989. On June 21, 1989, Tierney filed a land use appeal and a declaratory judgment action against the Township and Russell. Both the Township and Russell filed petitions to quash the land use appeal. After the trial court dismissed Tierney's declaratory judgment action, Tierney appealed to this Court, which affirmed the dismissal. *See Tierney.* On March 11, 1994 the trial court granted the petitions to quash the land use appeal as not having been filed within a thirty-day appeal period. Tierney now appeals to this Court.[2]

In quashing Tierney's appeal, the trial court relied on our decision in *Seneca Mineral Co., Inc. v. McKean Township Zoning Hearing Board,* 124 Pa.Commonwealth Ct. 389, 556 A.2d 496 (1989), and held that the thirty-day appeal period runs from receipt of actual or constructive notice that an appealable event has occurred. The court reasoned that Tierney had actual and constructive notice of the subdivision revision plan more than thirty days before he filed his appeal.[3]

---

1. We previously set forth the facts of this case in *Tierney v. Upper Makefield Township,* 164 Pa. Cmwlth. 699, 643 A.2d 1191 (1994).

2. The decision of whether to grant a motion to quash an appeal is a question of law and, therefore, is within our scope of review. *Atlantic Richfield Co. v. Marshall Township Board of Supervisors,* 74 Pa.Commonwealth Ct. 100, 459 A.2d 860 (1983).

3. The court stated that Tierney had constructive notice of the subdivision revision plan eleven months before his appeal, when the plan was recorded on July 19, 1988. The court further stated that Tierney had actual notice: (1) in July or August of 1988, ten months before his appeal, when he signed the Declaration, which referred to the plan as being "last revised May 16, 1988"; (2) in February 1989, four months before his appeal, when he saw a road being built in a

Tierney now argues that informal notice of a decision is insufficient, as the thirty-day appeal period does not begin until requisite written notice of the decision is provided. He asserts that the trial court erroneously relied on *Seneca*, which interpreted a thirty-day appeal period under former Section 915 of the Pennsylvania Municipalities Planning Code (MPC),[4] 53 P.S. § 10915.

In *Seneca*, we decided the timeliness of an appeal by protestants to a zoning board from a zoning officer's decision granting a building permit. Section 915, the substance of which is now found in section 914.1, 53 P.S. § 10914.1, at the time provided:

No person shall be allowed to file any proceeding with the board later than thirty days after any application for development, preliminary or final, has been approved by an appropriate municipal officer, agency or body ... unless such person alleges and proves that he had no notice, knowledge, or reason to believe that such approval has been given.

Tierney maintains that here, Section 1002–A of the MPC, not the statutory provision interpreted in *Seneca*, is applicable. Section 1002–A provides:

All *appeals from all land use decisions* rendered pursuant to Article IX shall be taken to the court of common pleas of the judicial district wherein the land is located and *shall be filed within 30 days after entry of the decision as provided in 42 Pa.C.S. § 5572* (relating to time of entry of order) or, in the case of a deemed decision, within 30 days after the date upon which notice of said deemed decision is given as set forth in section 908(9) of this act.

53 P.S. § 11002–A (emphasis added). The trial court did not cite this MPC provision or any other statute in stating that the applicable appeal period is thirty days. The Township recognizes section 1002–A is applicable, although it does not address the portion of section 1002–A expressly referring to Section 5572 of the Judicial Code, 42 Pa.C.S. § 5572. That statute in turn provides:

The date of service of an order of a government unit, *which shall be the date of mailing if service is by mail, shall be deemed to be the date of entry of the order* for the purposes of this subchapter. The date of entry of an order of a court or district justice may be specified by general rules.

42 Pa.C.S. § 5572 (emphasis added).

Tierney also cites Section 508(1) of the MPC for the proposition that the Supervisors were required to send him written notice as the owner of property affected by the subdivision. That section provides in pertinent part:

(1) The decision of the governing body or the planning agency shall be in writing and shall be communicated to the applicant personally or mailed to him at his last known address not later than 15 days following the decision.

53 P.S. § 10508(1).

Tierney asserts it is undisputed that the Supervisors did not give him notice of their subdivision revision decision, rendered while Tierney still owned lot seventeen, until May 22, 1989. Tierney filed his appeal on June 21, 1989. Therefore, he contends, his appeal was timely filed "within 30 days after entry of the decision."

The Township responds by following the trial court's rationale, including its reliance on *Seneca*. However, *Seneca* is obviously inapposite, because it interprets former Section 915 of the MPC. That section pertained to applications for development and to appeals to *zoning boards* and included express language on informal notice and knowledge. As the Township acknowledges, section 1002–A is the applicable statute. Section 1002–A does not provide that actual or constructive notice can commence the appeal period. Instead, through incorporation by reference to 42 Pa.C.S. § 5572, it mandates that the thirty-day appeal period begins when the Supervisors mail their order.

We specifically examined 42 Pa.C.S. § 5572 in *Border v. Zoning Hearing Board*

---

location different from that shown on the original subdivision plan; and (3) in March 1989, three months before his appeal, when Tierney received a copy of the revised plan.

**4.** Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101–11201.

*of Easton,* 74 Pa.Commonwealth Ct. 638, 460 A.2d 918 (1983), and concluded that a zoning board's decision and order was not "entered" until it was served upon appellant therein. In that case, a zoning board had actually sent the appellant notice of its decision denying his variance application and giving him reasons for that denial. We held that even this notice was insufficient to commence the period for appeal to the trial court under 42 Pa.C.S. § 5572. *See also Bishop Nursing Home, Inc. v. Zoning Hearing Board of Middletown Township,* 162 Pa.Commonwealth Ct. 118, 123, n. 2, 638 A.2d 383, 386, n. 2 (1994) ("a notice of a decision is not equivalent to the entry of an order, and therefore the appeal period does not begin to run until the Board mails its written decision").[5] Here, Tierney appealed to the trial court within thirty days of the first communication he received from the Supervisors regarding a decision affecting land to which he still held legal title.

Thus, we agree with Tierney's argument based on section 1002–A, in conjunction with 42 Pa.C.S. § 5572, and we disagree with the trial court's decision and the Township's argument. We do not think Tierney is correct that *section 508(1)* requires service on him, as it requires written communication only to an *applicant* and Tierney does not appear to be an applicant for purposes of that section. Nevertheless, not all appeals under section 1002–A will be taken by applicants. Section 508(1) is intended to insure that, in what is

arguably the usual situation, an unsuccessful applicant is provided with bases for appeal. *Dobrinoff v. Board of Supervisors of Franklin Township,* 136 Pa.Commonwealth Ct. 282, 582 A.2d 1156 (1990). Clearly, however, there will be situations where an application is granted, in which case persons other than applicants might wish to appeal. In this case, a legal land owner seeks to appeal a subdivision approval. This scenario has arisen by virtue of the fact that not all applicants will necessarily be legal owners. For example, in *Malone v. West Marlborough Township Board of Supervisors,* 145 Pa.Commonwealth Ct. 466, 603 A.2d 708 (1992), the applicant was the equitable owner of the land in question, not the record owner. Similarly, here, Russell was the equitable owner of a portion of the subject property at the time of its application, and Tierney was the record owner.

Faced with a situation where the applicant was different from the legal owner, we think the Supervisors should have taken the simple step of mailing their decision revising the original subdivision plan to the legal property owner, Tierney, as they had done with the original subdivision approval for which Russell applied. For purposes of appeals under section 1002–A, it would be anomalous and contrary to that section to in effect allow the Supervisors to commence the appeal period without serving their decision on this record owner of subject property.[6]

---

**5.** We held in *Border* that a zoning board must serve its formal decision and order, rather than mere notice of its decision. We note that this case does not involve a zoning board and the issue of the substance of the service is not raised.

**6.** Tierney states that the less than burdensome requirement of mailing decisions provides certainty in assessing timeliness of appeals and avoids potentially extensive factual inquiries. Moreover, Tierney contends that the Township's own ordinance requires the Supervisors to inform both an owner and an applicant in writing of a final decision and reasons therefor. He cites the following portions of the Planning and Zoning Code in the Codified Ordinances of Upper Makefield (emphasis added):

> 1220.06 DEFINITIONS. As used in these Subdivision Regulations, *unless a contrary intention clearly appears:*
> (1) Applicant. 'Applicant' means any person who submits to the Board of Supervisors sub-

division or land development plans for the purpose of obtaining approval thereof. *'Applicant' also means owner.*

> (34) Owner. *'Owner' means a person who is the registered owner of real estate to be subdivided* and/or developed in accordance with the provisions of these Subdivision Regulations. *'Owner' also means applicant.*
> 1232.03 FINAL PLANS FOR MAJOR SUBDIVISIONS OR LAND DEVELOPMENTS....
> (c) Procedure....
> (7) Following receipt of the Commission's report and recommendation, the Board shall consider the applicant's submission at any regularly scheduled or special meeting. *The Board shall:* ...
> C. *Inform the applicant in writing of the final decision and reasons therefor.*

Under the circumstances herein, we conclude that Tierney's land use appeal was timely filed. Accordingly, the trial court's order granting the petitions to quash Tierney's appeal is reversed and this case is remanded to the court for further proceedings on the appeal.

NEWMAN, J., did not participate in the decision in this case.

### ORDER

AND NOW, this 3rd day of February, 1995, the order of the Court of Common Pleas of Bucks County, No. 89–05021–17–5, dated March 11, 1994, is hereby reversed and this case is remanded to that court for further proceedings on Michael Tierney's land use appeal to that court.

Jurisdiction relinquished.