Margaret Brown Silar et al., Appellants *v.* Zoning Board of Adjustment of Spring Garden Township, Appellee.

Argued June 8, 1979, before Judges BLATT, DISALLE and CRAIG, sitting as a panel of three.

*William C. Gierasch, Jr.,* with him *Michael W. King,* and *Stock and Leader,* for appellants.

*Michael J. Brillhart,* with him *Robert H. Griffith,* and *Markowitz, Kagen & Griffith,* for intervenor.

OPINION BY JUDGE BLATT, October 4, 1979:

This is an appeal from an order of the Court of Common Pleas of York County which affirmed a decision by the Zoning Hearing Board of Spring Garden Township (Board) which granted a variance to John L. Heisler (applicant) to allow him to utilize a tract of land in a residentially zoned area as a used car lot. The appellants, who appeared as protestants before the Board, are owners of property in the immediate vicinity of the applicant's property.

Because the lower court took no additional evidence, our scope of review is, of course, limited to a determination as to whether or not the Board's findings are supported by substantial evidence and whether or not the Board committed an abuse of discretion or an error of law. *Higgins v. Township of Radnor,* 13 Pa. Commonwealth Ct. 195, 318 A.2d 761 (1974).

The variance was granted by the Board pursuant to Section 912 of the Pennsylvania Municipalities Planning Code[1] (M.P.C.), 53 P.S. §10912 which provides:

The board shall hear requests for variances where it is alleged that the provisions of the zoning ordinance inflict unnecessary hardship upon the applicant. Subject to the provisions of Section 801, the board may by rule prescribe the form of application and may require preliminary application to the zoning officer. The board may grant a variance provided the following findings are made where relevant in a given case:

(1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property, and that the unnecessary hardship is due to such conditions, and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located;

(2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property;

(3) That such unnecessary hardship has not been created by the appellant;

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10101 et seq.

(4) That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare; and

(5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.

In granting any variance, the board may attach such reasonable conditions and safeguards as it may deem necessary to implement the purposes of this Act and the zoning ordinance.

In approving the application for variance here the Board found that: (1) "Hardships exist because lot will not sell for uses permitted" and (2) "To authorize this variance from the terms of this ordinance will have no detrimental effect on the neighborhood and will not be contrary to the public interest."

The appellants contend that Section 912 requires the Board to make specific findings of fact with respect to all five of the situations described in the section if it granted a variance, and that this was not done here. The Board, however, heard and accepted testimony that the lot in question could not be developed for uses permitted by the ordinance. It addressed the issues of whether or not the variance would alter the character of the neighborhood and resolved these issues in favor of the applicant because it noted that the property is surrounded on three sides by other commercial properties. Although it did not specifically address the question of whether or not the hardship was self-imposed, there was no evidence presented at the hearing from which such a finding could have been made. And although the lot in question is

part of a larger lot divided by the owners, the division was made and the rest of the lot developed (as a commercial use) prior to the enactment of the zoning ordinance. We believe, therefore, that the owner should not be charged with a self-imposed hardship when the use of the property for which the division was made was a permissible use. *See Haverford Township v. Zoning Hearing Board*, 21 Pa. Commonwealth Ct. 207, 344 A.2d 758 (1975).

Although we would agree that the findings made by the Board are not as complete as we would prefer, we nevertheless believe that they are sufficient to sustain the Board's decision because they are supported by evidence in the record. We also believe that no error of law or abuse of discretion was committed and we therefore affirm the order of the lower court.

ORDER

AND Now, this 4th day of October, 1979, the order of the Court of Common Pleas of York County in the above-captioned matter is hereby affirmed.