Drakoulis and Peggy KOUTRAKOS
d/b/a La Nouvelle Cuisine,

v.

ZONING HEARING BOARD OF NEW-
TOWN TOWNSHIP, DELAWARE
COUNTY and Newtown Township

Newtown Township, Appellant.

Commonwealth Court of Pennsylvania.

Argued Oct. 7, 1996.
Decided Nov. 21, 1996.

**640**

Robert J. Sugarman, Philadelphia, for Appellant.

John W. Nilon, Jr., Media, for Appellees Drakoulis Koutrakos, et al.

Before DOYLE and SMITH, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Newtown Township (Township) appeals a Delaware County Common Pleas Court order granting a special exception and variance to Drakoulis and Peggy Koutrakos (Owners) for additional seating and parking spaces at their restaurant, La Nouvelle Cuisine.

The restaurant is located in a commercial district within the Township among small businesses utilizing the same ninety-four-space shopping area parking lot. Owners sought a special exception to expand the restaurant's seating from eight to forty-eight seats and requested a variance from any parking requirements of the Township's zoning ordinance. The ordinance mandates that the restaurant have one parking space for every two seats and, because it has carry-out service, two spaces for each service window or cashier. There is no dispute that the number of required parking spaces for the restaurant, after the trial court permitted expansion to forty seats, is twenty-three.

Hearings were held on Owners' application before the Township Zoning Hearing Board (Board). The Township presented evidence which it claims shows that there was a substantial parking problem in the area, that there was already a shortage of 220 spaces in the parking lot when the parking requirements of the ordinance were considered, and that the application would adversely affect off-street parking. The Township states that nineteen businesses share the parking lot in question and another restaurant alone was required to have eighty-three spaces. On the other hand, Owners adduced evidence that, in reality, there were on average more than twenty-three parking spaces available in the lot at peak hours.

The Board denied Owners' requests both orally and in a written order. Owners then appealed to the trial court. The court did not take additional evidence, but set forth its own findings and conclusions in granting the appeal. Specifically, the court held that Owners could increase their seating to forty seats without creating an additional burden on the community or adversely affecting off-street parking. The court credited and relied on the testimony of Owners' witness that the twenty-three space requirement was satisfied given the actual number of open spaces available at peak hours. The Township now appeals to this Court.

The primary question presented is whether the trial court erred in making its own findings without taking additional evidence.

The Township has made lengthy arguments in its brief on what is essentially a straightforward issue. To summarize, it argues that the trial court should have taken additional evidence, remanded to the Board for findings of fact or accepted the Board's findings. It first asserts that the court erred in making its own findings because the Board made sufficient oral findings, even if they were brief, unclear or limited. *See Silar v. Spring Garden Township Zoning Board of Adjustment,* 46 Pa.Cmwlth. 340, 407 A.2d 74 (1979). If the Board did not make sufficient findings, the Township maintains, then the trial court had to open the record for additional testimony before it prepared its own findings or, alternatively, it had to remand the case for the Board to complete the record. Since the court took neither action, the Township contends, it was bound by its scope of review to accept the Board's findings, supported by substantial evidence, and could not make its own contrary findings. *See* Section

1005–A of the Pennsylvania Municipalities Planning Code (MPC),[1] 53 P.S. § 11005–A; *Appeal of Kit–Mar Builders, Inc.*, 439 Pa. 466, 268 A.2d 765 (1970); *Bishop Nursing Home v. Middletown Township Zoning Hearing Board*, 162 Pa.Cmwlth. 118, 638 A.2d 383 (1994), *petition for allowance of appeal denied*, 538 Pa. 675, 649 A.2d 676 (1994).

Owners respond that the Board did not set forth findings, the trial court was therefore obligated by section 1005–A to make its own findings and it was within the court's discretion not to remand or take additional testimony given the already complete record. *See Boron Oil Co. v. City of Franklin*, 2 Pa.Cmwlth. 152, 277 A.2d 364 (1971).

■ We first decide that the Board did not make any findings here. There certainly are none in its written order. The Township instead points to oral statements made by the members of the Board when they closed the record and voted to deny Owners' application. Some members stated as follows. "It's obvious to me that if we have enough businesses up there so that the parking requirement should be two hundred and twenty more than what they really are and seems to be adequate testimony that there was a real parking problem there and Mr. Koutrakos when he was granted permission to open his restaurant from the Zoning Hearing Board agreed to eight tables, the prospect of trying to increase that sixfold, in my opinion, is unwarranted ..."; "the taxpayers have a difficult situation there ... [y]ou know, several times I've witnessed a filled-up gridlock situation there and it gets hazardous ..."; and "[w]e're left with the burden ... to live with what exists and not apparently to go back and correct what is wrong. So I think we're only left [sic] the decision we have in

front of us." (Notes of Testimony (N.T.), January 19, 1995, pp. 39–41).

Contrary to the Township's argument, we hold that these oral comments by the Board members, or "sentiments" as one member described them, can hardly be called "findings," particularly where they are based at least in part on personal observations instead of the record. Thus, this case is not like *Silar*, where there were sufficiently reviewable findings by a zoning board supported by the record.[2]

■ We must next decide what recourse the trial court had when faced with an absence of Board findings. We hold in this regard that the court properly made its own findings and that it was not required to take additional evidence in doing so. Section 1005–A of the MPC unambiguously provides:

If the record below includes findings of fact made by the governing body, board or agency whose decision or action is brought up for review *and* the court does not take additional evidence or appoint a referee to take additional evidence, the findings of the governing body, board or agency shall not be disturbed by the court if supported by substantial evidence. If the record does not include findings of fact *or* if additional evidence is taken by the court or by a referee, the court shall make its own findings of fact based on the record below as supplemented by the additional evidence, *if any*.

53 P.S. § 11005–A (emphasis added). This statute clearly leads to the following propositions. First, a trial court properly makes its own findings if a record being reviewed by the court does not include findings, which we have determined to be the case here. Second, as is often noted in the case law, the court also acts appropriately in making its own findings if it takes additional evidence.[3]

1. Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101–11201.

2. The board in *Silar* approved a variance application after finding "[h]ardships exist because lot will not sell for uses permitted" and "[t]o authorize this variance from the terms of this ordinance will have no detrimental effect on the neighborhood and will not be contrary to the public interest." *Silar*, 407 A.2d at 75–76.

There is no indication that these were oral findings.

3. Whether additional evidence is permitted in a zoning case rests within the trial court's discretion. *Kossman v. Green Tree Zoning Hearing Board*, 143 Pa.Cmwlth. 107, 597 A.2d 1274 (1991). There is no claim that the record in this case was incomplete. Nor is there authority for the notion that a court must remand for zoning board findings when the board, despite having

Third, the court generally may be precluded from making its own findings if the record includes findings and the court does not take additional evidence.[4]

Thus, section 1005–A compels us to reject the Township's primary argument. Indeed, based on this section, we held in *Faulkner v. Moosic Borough Board of Adjustment*, 154 Pa.Cmwlth. 616, 624 A.2d 677 (1993) that the common pleas court is the fact-finder when it reviews a zoning board's deemed approval, which normally implies an absence of board findings. Further, Owners have correctly pointed out at oral argument that the operative language of section 1005–A was previously contained in former Section 1010 of the MPC, 53 P.S. § 11010. This Court has held "[u]nder section 1010 of the MPC, when a board does not make factual findings, the trial court may make the necessary findings of fact, even though it takes no additional evidence." *Ford v. Caernarvon Township Zoning Hearing Board*, 151 Pa.Cmwlth. 323, 616 A.2d 1089, 1093 (1992).

We acknowledge that our Supreme Court in *Kit–Mar* stated that a trial court cannot make its own findings without taking additional testimony. However, in *Kit–Mar*, unlike here, the zoning board made findings of fact. Moreover, the Court in that case did not mention the statutory language we have cited.[5] Instead, the Court relied on *National Land and Investment Co. v. Kohn*, 419 Pa. 504, 215 A.2d 597 (1965), a case that pre-dated the enactment of the MPC. Most decisions, including *Kohn* and more recent ones, state that a trial court reviews a zoning board's decision for substantial evidence when the court takes no additional evidence, in which event this Court on further appeal reviews the board's decision for substantial evidence. This statement is generally sufficient because, in the usual case such as *Kit–Mar*, the zoning board has made findings,

which the trial court then must review for substantial evidence if it does not hear new evidence. By contrast, in more unusual cases like this one and *Faulkner*, where there are no board findings, the foregoing statement of the law is not comprehensive. It does not recognize the statutory mandate that a trial court make its own findings "[i]f the record does not include findings of fact *or* if additional evidence is taken by the court." 53 P.S. § 11005–A (emphasis added).

The next question raised by the Township is whether the parking space requirement in the ordinance was met. The Township points to its evidence on parking shortages and the number of required parking spaces as supporting the Board's decision. However, the trial court did not accept this evidence. Our discussion above on the trial court's scope of review, which in turn determines our scope of review, establishes that, since the trial court properly made its own findings, we examine the *trial court's* decision, not the Board's decision, for evidentiary support. *Faulkner.*

Owners correctly contend that the evidence credited by the trial court shows that they were in compliance with the relevant parking requirements. The court relied on the testimony of a civil engineer who conducted a parking study showing that, during peak hours, an average of 47.38 parking spaces are open in the parking lot—including an average of 81.07 during breakfast hours, 24.93 during lunch hours and 36.14 during dinner hours. These numbers exceed the required twenty-three spaces. The civil engineer also testified that an increase in the restaurant's seating would not substantially increase traffic congestion so as to adversely affect off-street parking or the health, safety and welfare of the community, and that the extra seating would be consistent with the character of the surrounding zoning and land

issued a written order and having had an opportunity to make findings therein, did not render findings.

**4.** We held in *Bishop* that a trial court did not err by refusing to make its own findings where there were board findings, albeit late-filed, in the record. We recently held that, despite late-filed

zoning board findings, a trial court should make its own findings when there is a deemed board approval under Section 908(9) of the MPC, 53 P.S. § 10908(9). *Gryshuk v. Kolb*, 685 A.2d 629 (Pa.Cmwlth.1996).

**5.** *Kit–Mar* was decided two years after the MPC became law, but two years before section 1010, the predecessor of section 1005–A, was enacted.

area. (N.T., November 17, 1994, pp. 46–48, 54–55, 58–61).

Thus, the trial court looked to evidence on the actual day-to-day parking situation in deciding to grant Owners' appeal. We approve of that approach in this situation. The court relied on a practical, utilitarian study, the witness' real test of what was happening in the parking lot, as opposed to requirements that likely could not be met by any of the businesses in the shopping area if, as the Township would have it, all of the businesses are viewed in the aggregate.[6]

In sum, we have no basis to disturb the court's findings. Because they are supported by substantial credited evidence, we must uphold them even if other evidence might support the result reached by the Board. *Faulkner.*

 The final issue presented in this appeal is whether the trial court erred in not considering evidence of bad faith and estoppel as to an initial special exception application by Owners in 1993. The Township contends that Owners admitted to the Board their intent to mislead on the earlier application, when they were originally granted a special exception for the eight-seat restaurant. According to the Township, Owners at that time did not admit their true aim to expand the restaurant's seating to forty-eight seats. Thus, the Township claims, Owners are estopped from asserting compliance with the Township's zoning ordinance or requesting a special exception and are subject to permit revocation. At the least, the Township states, this issue requires a remand for consideration.

However, Owners accurately note that the trial court did address this argument. The court exercised its prerogative and rejected the contention, which it essentially consid-

ered vaguely presented at best. We agree with the court's statement that, although Owners may have planned to request expansion when first granted a special exception, they were in no way prohibited from subsequently making that new request or having it properly granted. We therefore disagree with the Township's remaining argument.

Based on our resolution of the issues in this appeal, the trial court's order is affirmed.

### ORDER

AND NOW, this 21st day of November, 1996, the order of the Court of Common Pleas of Delaware County, No. 95–3620, dated August 14, 1995, is hereby affirmed.

---

**6.** There is obviously some question as to how in certain instances the Township can properly determine that parking requirements have not been met. Here, for example, the parking spaces in the lot are not individually owned and presumably any patron can park anywhere in the ninety-four-space lot for any of the nearby businesses. Although we do not consider the following arguments in this case, Owners claim that they have a cross-easement for thirty-five parking spaces in the lot. They also assert that they are entitled to

a special exception even if there are problems already existing, i.e., they cannot be denied a permitted use on the basis that there are not presently enough parking spaces for existing uses. They submit that the Board's order denying their application operated as a *de facto* exclusion of a permitted use. *See Manor Healthcare Corp. v. Lower Moreland Township Zoning Hearing Board,* 139 Pa.Cmwlth. 206, 590 A.2d 65 (1991).